UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:12-cr-561-T-23TGW
            8:16-cv-1740-T-23TGW

TAVIS TONEY
                                              /

**O R D E R**

Toney's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions both for brandishing a firearm during a crime of violence and for discharging a firearm during a crime of violence, for which he is imprisoned for 235 months. The indictment charged Toney with two counts of robbery, one count of brandishing a firearm during a robbery, one count of discharging a firearm during a robbery, and one count of possession of a firearm by a felon. Under the plea agreement, the two robbery counts and the felon in possession of a firearm count were dismissed in exchange for Toney's guilty plea. Recognizing the untimeliness of his application, Toney asserts entitlement to the retroactive application of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). Toney benefits from neither *Johnson* nor *Welch*.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from

the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[*] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

Toney's motion is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus). The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1).

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

Toney's conviction became final in 2014 and his one-year limitation expired in 2015.  As a consequence, Toney's motion to vacate is untimely based on a limitation under Section 2255(f)(1), a fact that Toney recognizes.  To overcome the untimeliness under Section 2255(f)(1), Toney asserts entitlement to the retroactive application of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which holds "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  The newly recognized right established in *Johnson* applies retroactively.  *Welch v. United States*, 136 S. Ct. 1257 (2016).  Section 2255(f)(3) permits a limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Toney timely moves to vacate his sentence under Section 2255(f)(3).

Nevertheless, Toney is entitled to no relief.  Toney was sentenced as a career offender under Section 4B1.1, United States Sentencing Guidelines, not under 18 U.S.C. § 924(e), the Armed Career Criminal Act.  As a consequence, neither *Johnson* nor *Welch* applies to Toney.  *United States v. Walker*, 631 Fed. App'x 753, 755–56 (2015), explains:

> We recently held in *United States v. Matchett*, 802 F.3d 1185, 1193–94 (11th Cir. 2015), that the residual clause of § 4B1.2(a)(2) of the guidelines is not unconstitutionally vague because advisory sentencing guidelines cannot be unconstitutionally vague. *Id.* at 1193–96. We reasoned that *Johnson* was limited by its own terms to criminal statutes, like the ACCA, that define elements of a crime or fix punishments

>— neither of which the advisory guidelines do. *Id.* at 1193–94. The vagueness doctrine, we explained, rests on a lack of notice, but the Sentencing Guidelines, because they are merely advisory, cannot give rise to an expectation protected by due process. *See id.* at 1194–95. Therefore, *Matchett* precludes the success of Walker's argument based on *Johnson* that the residual clause in § 4B1.2(a)(2) of the guidelines is unconstitutionally vague.

Accordingly, Toney's motion to vacate is **DISMISSED** as time-barred. Toney is entitled to the retroactive application of neither *Johnson v. United States* nor *Welch v. United States*. The clerk must enter a judgment against Toney and close this case.

ORDERED in Tampa, Florida, on July 1, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE